UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

JOEL KOEHNKE,

                Plaintiff,

v.                                         Case No.:    19-CV-809

REMLEY & SENSENBRENNER, S.C.,

                Defendant.

**AGREED TO PROTECTIVE ORDER**

      Based on the joint motion of the parties and the representations set forth therein, the Court finds that the exchange of sensitive information between or among the parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the parties or to others. The Court further finds that the terms of this Order are fair and just and that good cause has been shown for entry of a protective order governing the confidentiality of documents exchanged by the parties, documents produced in discovery, answers to interrogatories, answers to requests for admission, and deposition testimony.

      **IT IS THEREFORE ORDERED THAT**, pursuant to Fed. R. Civ. P. 26(c) and Civil L.R. 26(e):

**(A)**     **DESIGNATION OF CONFIDENTIAL OR ATTORNEYS' EYES ONLY INFORMATION.** Designation of information under this Order must be made by placing or affixing on the document or material, in a manner that will not interfere with its legibility, the words "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(1) One who produces information, documents or other material may designate them as "CONFIDENTIAL" when the person in good faith believes they contain trade secret or nonpublic confidential technical, commercial, financial, personal, or business information.

(2) One who produces information, documents, or other material may designate them as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" when the person in good faith believes that they contain particularly sensitive trade secrets or other nonpublic confidential technical, commercial, financial, personal or business information that requires protection beyond that afforded by a "CONFIDENTIAL" designation.

(3) Except for information, documents, or other materials produced for inspection at the party's facilities, the designation of confidential information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" must be made prior to, or contemporaneously with, their production or disclosure. In the event that information, documents, or other materials are produced for inspection at the party's facilities, such information, documents or other material may be produced for inspection before being marked confidential. Once specific information, documents, or other materials have been designated for copying, any information, documents, or other materials containing confidential information will then be marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" after copying but before delivery to the party who inspected and designated them. There

will be no waiver of confidentiality by the inspection of confidential information, documents, or other materials before they are copied and marked confidential pursuant to this procedure.

(4) Portions of depositions of a party's present and former officers, directors, employees, agents, experts and representatives will be deemed confidential only if designated as such when the deposition is taken or within 30 days of receipt of the deposition transcript.

(5) If a party inadvertently produces information, documents, or other material containing "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information without marking or labeling it as such, the information, documents or other material shall not lose its protected status through such production and the parties shall take all steps reasonably required to assure its continued confidentiality if the producing party provides written notice to the receiving party within 10 days of the discovery of the inadvertent production, identifying the information, document or other material in question and of the corrected confidential designation. No party shall be found to have violated this Protective Order for failing to maintain the confidentiality of material during a time when that material had not been designated, even where the failure to so designate was inadvertent and where the material is subsequently designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**(B)** **DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION.** Information, documents, or other material designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order must not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraphs (B)(1) and (2) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information, documents, or other material were disclosed (including appeals). The parties must not disclose information, documents, or other material designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to putative class members not named as plaintiff in putative class litigation unless and until one or more classes have been certified.

    (1) "CONFIDENTIAL INFORMATION." The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents or other material designated as "CONFIDENTIAL" by any other party or third party under this Order, except that disclosures may be made in the following circumstances:

        (a) Disclosure may be made to counsel for the parties and to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(b) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed

(c) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure to any such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this Order.

(d) Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert the expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(e) Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the Court and the Court's staff.

(f) Disclosure may be made to persons already in lawful and legitimate possession of such "CONFIDENTIAL" information.

(g) Disclosure may be made to those persons specifically engaged for the limited purpose of making copies of documents or organizing

or processing documents, including outside vendors hired to process electronically stored documents.

(h) Disclosure may be made to other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

**(2)** "CONFIDENTIAL - ATTORNEYS' EYES ONLY" INFORMATION. The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents, or other material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by another party or third-party under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(a) Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(b) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure to any such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this Order.

(c) Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents or other material be held in confidence.

(d) Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the Court and the Court's staff.

(e) Disclosure may be made to persons already in lawful and legitimate possession of such "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

(f) Disclosure may be made to those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents.

(g) Disclosure may be made to other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(**C**) **MAINTENANCE OF CONFIDENTIALITY.** Except as provided in subparagraph (B), counsel for the parties must keep all information, documents, or other material designated as confidential that are received under this Order secure within their exclusive

possession and must place such information, documents or other material in a secure area.

  (1) All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of information, documents, or other material designated as confidential under this Order, or any portion thereof, must be immediately affixed with the words "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if not already containing that designation.

  (2) To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, these papers or any portion thereof must be filed under seal by the filing party with the Clerk of Court utilizing the procedures set forth in General L.R. 79(d). If a Court filing contains information, documents, or other materials that were designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by a third party, the party making the filing shall provide notice of the filing to the third party.

**(D) CHALLENGES TO CONFIDENTIALITY DESIGNATION.** A party may challenge the designation of confidentiality by motion. The movant must accompany such a motion with the statement required by Civil L.R. 37. The designating party bears the burden of proving that the information, documents, or other material at issue are properly designated as confidential. The Court may award the party prevailing on any such motion actual attorneys' fees and costs attributable to the motion.

**(E) CONCLUSION OF LITIGATION**. Unless otherwise agreed or ordered by the Court, this Protective Order shall remain in full force after dismissal or entry of final judgment not subject to further appeal.

(1) Within 60 days after dismissal or entry of final judgment not subject to further appeal, all confidential information and documents designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order, including copies thereof, shall either be returned to the producing party or destroyed, at the option of the receiving party, unless the document has been offered into evidence or filed without restriction as to disclosure.

(2) Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product so long as that work product does not duplicate verbatim substantial portions of confidential information; (2) one complete set of all documents filed with the Court including those filed under seal. Any retained confidential information shall continue to be protected under this Protective Order.

Dated this 27th day of August, 2019.

BY THE COURT:

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court - WIED